IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES R. ROBINSON, # 11087-026,   )
                                    )
                Petitioner,          )
                                    )
        vs.                          )     Case No. 14-cv-05-DRH
                                    )
JAMES CROSS,                         )
                                    )
                Respondent.          )

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his sentence. The petition was filed on January 2, 2014.

### I.   BACKGROUND

Petitioner was convicted in 1997 and sentenced to a total of 100 years in prison for possession with intent to distribute cocaine, distribution of cocaine base, and possession of cocaine base. *United States v. Robinson*, Case No. 97-cr-300025-RM-1 (C.D. Ill.). On direct appeal, the Seventh Circuit affirmed his convictions but remanded for resentencing. *United States v. Robinson*, 164 F.3d 1068 (7th Cir. 1999). The district court imposed the same sentence after a new sentencing hearing, and this sentence was affirmed on appeal to the Seventh Circuit. *United States v. Robinson*, 215 F.3d 1331 (7th Cir. 2000). However, the sentence was vacated by the Supreme Court in light of *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000), and remanded. Upon remand, the Seventh Circuit reinstated the 100-year sentence. *United States v. Robinson*, 250 F.3d 527 (7th Cir. 2001), *cert. denied*, 534 U.S. 895 (2001).

Since his direct appeal, petitioner has mounted several challenges to his convictions and sentence. His motion to vacate his convictions pursuant to 28 U.S.C. § 2255 was denied as untimely. *Robinson v. United States*, 288 F. Supp. 2d 927 (C. D. Ill. 2003), *aff'd*, *Robinson v. United States*, 416 F.3d 645 (7th Cir. 2005). In 2006, he filed a habeas petition in this Court under 28 U.S.C. § 2241 (Case No. 06-290-MJR), in which he unsuccessfully argued that his sentence was invalidated by *United States v. Booker*, 543 U.S. 220 (2005). The Seventh Circuit affirmed this Court's dismissal of that petition as an unauthorized successive collateral attack. *Robinson v. Revel*, Appeal No. 06-2699 (7th Cir. Sept. 26, 2006). This Court also dismissed another § 2241 petition in which he attempted to raise issues that should have been raised on appeal or under § 2255. *Robinson v. Revell*, Case No. 06-cv-355-JPG (S.D. Ill. May 23, 2006).

In petitioner's criminal case, he filed two unsuccessful motions to reduce his sentence under 28 U.S.C. § 3582(c)(2), based on amendments to the sentencing guidelines for crack cocaine offenses. *United States v. Robinson*, 328 F. App'x 340 (7th Cir. 2009) (Appeal No. 09-1505); *United States v. Robinson*, Appeal No. 12-2827 (7th Cir. March 21, 2013). In the first § 3582(c)(2) motion, the court found that although the amendments lowered petitioner's base offense level by two levels, this adjustment was negated by other enhancements to his

base offense level. As such, his sentencing range of life imprisonment remained unchanged. *Robinson*, 328 F. App'x at 341. The court reached a similar result in the second § 3582(c)(2) challenge.

Most recently, petitioner filed another action, seeking relief pursuant to Federal Rule of Civil Procedure 60(d)(1). The trial court construed this as a motion brought under § 2255, and dismissed it as an improper successive collateral attack. *Robinson v. United States*, Case No. 12-cv-3152-RM (C.D. Ill. Sept. 7, 2012); *see also* Appeal No. 12-3362 (7th Cir. April 30, 2013) (Doc. 10, denying certificate of appealability and leave to proceed *in forma pauperis*, and summarizing petitioner's earlier challenges).

## II.    THE PETITION

In the instant pleading, petitioner raises a legal issue which appears not to have been reviewed before in his earlier challenges. He claims that in light of recent interpretations of the armed career criminal provisions of the sentencing guidelines, he should not have been sentenced as a career offender under U.S.S.G. § 4(B)1.1 (Doc. 1, p. 2). Specifically, his Illinois conviction for attempted arson under 720 ILL. COMP. STAT. 5/8-4 should not have been counted as a "crime of violence." He notes that he attempted to challenge his career offender status in the (untimely) § 2255 motion he filed on March 14, 2003. Since that time, however, the decision in *Begay v. United States*, 553 U.S. 137 (2008), significantly altered the analysis of which prior offenses should qualify as "crimes of violence" under the career offender sentencing guidelines. He argues that the

Seventh Circuit has in some cases allowed such challenges to be brought via § 2241, where a § 2255 action was deemed inadequate or ineffective to test the legality of a prisoner's detention.  *See In re Davenport,* 147 F.3d 605 (7th Cir. 1998).  In particular, petitioner cites *Brown v. Caraway*, 719 F.3d 583, 592 (7th Cir. 2013) (remanding with instructions to reduce career-criminal enhanced sentence based on Delaware third-degree arson conviction); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); and *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before February 24, 2014).[2]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.
[2] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 24th day of January, 2014.

David R. Herndon
2014.01.24
06:08:09 -06'00'

**Chief Judge**
**United States District Court**