**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

CHARLES R. ROBINSON,          )
                                         )
               Petitioner,      )
vs.                                  )
                                         )   Case No. 14-cv-005-DRH-CJP
JAMES CROSS,             )
                                       )
              Respondent.      )

## ORDER

**PROUD, Magistrate Judge:**

Petitioner has filed two motions concerning the BOP's recent transfer of him to another institution:

- Motion for Emergency Stay of Transfer (Doc. 14), and

- Motion to Return Defendant (sic) to the District Where His Habeas Corpus Petition is Pending (Doc. 15).

According to the certificates of service, Doc. 14 was mailed on July 13, 2015, and Doc. 15 was mailed on July 16, 2015.  Both motions reached the Court today.  By the time petitioner prepared his second motion, he had already been transferred from FCI Greenville to FCI Pekin.  See, Doc. 15, p. 2.[1]  Therefore, the motion to stay transfer is moot.

In Doc. 15, petitioner argues that he must be returned to FCI-Greenville because Fed. R. App. P. 23 requires judicial permission before a habeas petitioner may be transferred.  However, Rule 23 only applies to habeas cases that are

---

[1] The BOP's website reflects that he is currently housed at FCI Pekin.  See, http://www.bop.gov/ inmateloc, visited on July 17, 2015.

under review in the Court of Appeals.   There is no requirement for judicial permission where the habeas case is pending before a District Court.

Petitioner's fear that his transfer would deprive this Court of subject-matter jurisdiction is unfounded.  This Court retains subject-matter jurisdiction despite his transfer out of the District.  See, *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005).  And, the Court anticipates that petitioner's current custodian will waive personal jurisdiction.

For the foregoing reasons, petitioner's Motion for Emergency Stay of Transfer (Doc. 14), and Motion to Return Defendant (sic) to the District Where His Habeas Corpus Petition is Pending (Doc. 15) are **DENIED**.

**IT IS SO ORDERED.**

**DATE:  July 17, 2015.**

_____
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**