E-FILED
Tuesday, 11 July, 2017 10:17:16 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES R. ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 16-01263 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Charles R. Robinson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Illinois.

The case was subsequently transferred to the Central District of Illinois and is now before the Court.

Respondent United States of America concedes that the action is properly brought under § 2241.

I. BACKGROUND

In 1999, Petitioner Charles R. Robinson was convicted of possession of, intent to distribute and distribution of crack cocaine. *See United States v. Robinson*, Case No. 97-30025. He was sentenced to serve 100 years imprisonment.

The Petitioner's convictions and sentence were affirmed and his collateral

attacks were unsuccessful. In 2016, the Petitioner's sentence was reduced to 30 years imprisonment based on a retroactive sentencing guideline amendment.

In this habeas corpus petition, the Petitioner alleges that, pursuant to *Begay v. United States*, 553 U.S. 137 (2008) and *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), his imprisonment term should not have been enhanced under the sentencing guidelines because his prior conviction for attempted arson under Illinois law is neither a "violent felony" nor "arson" and does not qualify as a crime of violence pursuant to the career offender guideline. Because he claims attempted arson cannot be counted as one of the three "violent felony" convictions necessary for a sentencing enhancement, the Petitioner contends he does not qualify as a career offender.

## II. DISCUSSION

### A. Legal principles

"[A] federal prisoner may petition under § 2241 if his section 2255 remedy is inadequate or ineffective to test the legality of his detention." *Brown*, 719 F.3d at 586 (internal quotation marks and citation omitted). Three conditions must be established in order for this exception to apply. *See id*. The prisoner must first show that he relies on a "statutory interpretation case," not a constitutional one. *See id*. He must also show that he relies on a retroactive decision that could not have been invoked when he filed his § 2255 motion. *See id*. Finally, the sentence enhancement must

2

constitute a sufficiently grave error to be deemed a miscarriage of justice and thus be cognizable in a habeas proceeding. *See id*. As noted, the Government concedes and the Court agrees that the conditions are met and § 2241 is a proper vehicle for the Petitioner to raise his claims.

At the time of sentencing, an individual was deemed a career offender under the United States Sentencing Guidelines if:

> (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance.

U.S.S.G. § 4B1.1(a). The Petitioner challenged only the third prong of the career offender definition.

Until recently, the Guidelines defined "crime of violence" as follows:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

U.S.S.G. § 4B1.2(a).[1] Following the amendment of the career offender guideline, the Supreme Court upheld the residual clause of the career offender guideline, holding that unlike the ACCA, "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, _ U.S. _, 137 S. Ct. 886 (2017).[2]

Courts use the categorical approach in determining whether a prior state conviction qualifies as a crime of violence under the career offender guideline. *See United States v. Woods*, 576 F.3d 400, 403 (7th Cir. 2009). Instead of researching the underlying facts of the conviction, a court considers whether the state statute has as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another." *See United States v. Maxwell*, 823 F.3d 1057, 1060-61 (7th Cir. 2016). The focus is "only on the fact of conviction and the essential

---

[1]The career offender guideline was recently amended. Following the United States Supreme Court's decision in *Johnson v. United States*, _ U.S. _, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's (ACCA) residual clause as unconstitutionally vague, the Sentencing Commission amended the Guidelines to delete § 4B1.2(a)(2)'s residual clause. Section 4B1.2(a)(2) no longer includes the residual clause and lists the following as crimes of violence: "murder, voluntary manslaughter, kidnaping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

[2]Section 4B1.2(a)(1) is often referred to as the elements clause. The first portion of § 4B1.2(a)(2) is often referred to as the enumerated crimes clause, while the second portion of the former § 4B1.2(a)(2) is often referred to as the residual clause.

4

elements of the offense." *United States v. Sonnenberg*, 628 F.3d 361, 364 (7th Cir. 2010). Therefore, in order to determine whether attempted arson qualifies as a crime of violence, the Court must examine the specific elements of Illinois' attempted arson statutes to ascertain whether the state statute has as "an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.2.

The Illinois' attempt statute, 720 ILCS 5/8-4(a), provides as follows:

A person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that offense.

As relevant here, the Illinois' arson statute states as follows:

(a) A person commits arson when, by means of fire or explosive, he or she knowingly:
(1) Damages any real property, or any personal property having a value of $150 or more, of another without his or her consent.

720 ILCS 5/20-1(a)(1).

B. Residual clause

As noted above, the Supreme Court recently upheld the residual clause contained in the career offender guideline. In *Sonnenberg*, the Seventh Circuit explained the Supreme Court's categorical approach as to the material identical portion of the definition of crime of violence under the ACCA:

5

> *Begay* also held that the residual clause for conduct that presents a serious potential risk of physical injury applies only to crimes that categorically involve "purposeful, violent, and aggressive conduct." 553 U.S. at 144-45, 128 S. Ct. 1581 (holding that driving under influence of alcohol was not a crime of violence despite risks of physical injury to others). Under the categorical approach of *Begay*, therefore, a conviction can qualify as a crime of violence under the Armed Career Criminal Act only when (1) a violation of a particular statute would necessarily include as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) would, in the ordinary or typical case, present a serious risk of physical injury as a result of purposeful, violent, or aggressive conduct similar in kind and risk to the crimes enumerated in U.S.S.G. § 4B1.2(a)(2).

628 F.3d at 364.

The Supreme Court has described arson (along with other crimes) as potentially involving "purposeful, violent and aggressive conduct." *Chambers v. United States*, 555 U.S. 122, 128 (2009). The Second Circuit observed that "[f]ire is a powerful weapon–easy to wield, capable of overwhelming destruction, and difficult if not impossible to control. It would defy common sense to characterize arson as anything but a violent crime." *Santana v. Holder* 714 F.3d 140, 145 (2d Cir. 2013) (holding attempted arson "involves a substantial risk of the intentional use of physical force against the person or property of another" and attempted arson in the second degree qualifies as a "crime of violence" under 18 U.S.C. § 16(b)). Other courts have similarly held that attempted arson constitutes a violent felony. *See United States v. Rainey*, 362 F.3d 733, 735-36 (11th Cir. 2004) (holding that attempted arson under

6

Florida law constitutes a violent felony pursuant to the career offender guideline); *United States v. Clements*, 20 F. App'x 699, 701 (9th Cir. 2001) (upholding the district court's conclusion that attempted arson is a crime of violence under the career offender guideline). Because attempted arson involves a serious and substantial risk of physical injury to others, the Court finds that it is properly classified as a crime of violence pursuant to the residual clause of the career offender guideline.

The Court notes that, in order to commit attempted arson under Illinois law, an individual must take a substantial step towards committing arson with the specific intent to commit arson. *See* 720 ILCS 5/8-4(a). The Petitioner could not have been found guilty of attempted arson by engaging in merely reckless or negligent conduct such as carelessly discarding a lit cigarette. He was found guilty of attempted arson based upon a purposeful intent to commit arson. This case is distinguishable from *Brown*, on which the Petitioner relies, because the Delaware third degree arson statute criminalizes conduct that is merely reckless. *See Brown*, 719 F.3d at 590-91.

Because the Petitioner was not convicted of careless or reckless conduct but was convicted of a crime which creates a substantial risk of death or serious bodily injury and he was convicted of intentionally creating that risk, the Court finds that Petitioner possessed the requisite *mens rea* and concludes that attempted arson qualifies as a crime of violence pursuant to the residual clause that, until recently, was

7

a part of the career offender guideline.

### C. Enumerated crimes clause

The Court further finds that attempted arson qualifies as a crime of violence under the enumerated crimes clause. Arson is listed in § 4B1.2(a)(2) as a crime of violence and the commentary provides that attempting to commit the offense constitutes a crime of violence. *See* U.S.S.G. § 4B1.2, comment. n.1. Accordingly, the Sentencing Guidelines explicitly identifies attempted arson as a crime of violence.

As previously noted, the intentional conduct in this case is distinguishable from the reckless conduct before the Seventh Circuit in *Brown*. Given that the Illinois attempted arson statutes comport with the generic definition of attempted arson and the Sentencing Guidelines explicitly contemplated attempted arson as a crime of violence, the Court concludes that the Petitioner's conviction for attempted arson under Illinois state law was properly considered as a predicate crime of violence in assessing the Petitioner's career offender status.[3]

### III. CONCLUSION

Because the Petitioner's attempted arson conviction was for intentional, and

---

[3] The Court agrees with the Parties that the Petitioner's conviction for attempted arson under Illinois law does not satisfy the elements clause because the Illinois statutes do not contain as an element "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a).

not reckless conduct, his argument that attempted arson does not qualify as a predicate conviction for career offender purposes is without merit. The Petitioner's Illinois attempted arson conviction qualifies as a crime of violence pursuant to the residual clause and the enumerated crimes clause of the career offender guideline.

Accordingly, the Court concludes that Petitioner is not entitled to any relief under § 2241. If the Petitioner chooses to appeal, it is not necessary for him to obtain a certificate of appealability from this disposition of his § 2241 petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

Ergo, the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus [d/e 1] is DENIED.

The Clerk will terminate any other pending motions [d/e 52 & 54], enter judgment and close this case.

ENTER: July 7, 2017

       FOR THE COURT:       /s/ *Richard Mills*
                                                    Richard Mills
                                                    United States District Judge